IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FARMERS INSURANCE
EXCHANGE, *as Subrogee of*
Mr. Asif Ali,

      Plaintiff,

v.

UPONOR, INC.,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:25-cv-02386-LMM

## **ORDER**

The Court must consider whether it has subject matter jurisdiction to hear a case, regardless of whether the parties raise the issue. See Wooden v. Bd. of Regents, 247 F.3d 1262, 1271 (11th Cir. 2001). Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

Plaintiff's sole asserted basis for jurisdiction is diversity. Dkt. No. [1]. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The party wishing to assert diversity jurisdiction bears the burden of

establishing that diversity exists." <u>Duff v. Beaty</u>, 804 F. Supp. 332, 334 (N.D. Ga. 1992) (citing <u>Cameron v. Hodges</u>, 127 U.S. 322 (1888)). The Court determines diversity jurisdiction based on the citizenship of the parties at the time the suit is filed. <u>See</u> <u>Grupo Dataflux v. Atlas Glob. Grp., LP</u>, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" (quoting <u>Mollan v. Torrance</u>, 22 U.S. 537, 539 (1824))).

It is not clear that the Court has diversity jurisdiction of this action.

Plaintiff states that it is an insurance exchange organized and existing in the state of California, with its principal place of business in California. Dkt. No. [1] ¶ 1. This is not enough to establish Plaintiff's citizenship. "[U]nincorporated associations . . . must plead the citizenship of each of their members." <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, 613 F.3d 1079, 1081 (11th Cir. 2010). A statement regarding a party's citizenship must contain factual support to enable the Court to verify its accuracy. <u>Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Housing, LLC</u>, 713 F. App'x 821, 825 (11th Cir. Oct. 12, 2017) (finding that bare allegations regarding a party's citizenship were too conclusory to establish that the party resided and planned to remain in a state).

Additionally, Defendants' citizenships are asserted based on facts supported only by "information and belief." Dkt. No. [1] ¶¶ 4, 5.

2

Accordingly, Plaintiff is **ORDERED** to file a supplementary statement wherein it states specific facts establishing diversity-of-citizenship jurisdiction. Plaintiff must comply with this Order within **21 days** of its entry. Failure to do so may result in dismissal of this action. See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."); Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-70 (11th Cir. 2013) (holding that a court must dismiss an action for lack of subject-matter jurisdiction unless pleadings or record evidence establishes jurisdiction). If Plaintiff does not have Defendants' information in its possession, custody, or control, then Defendants are **ORDERED** to provide Plaintiff with the relevant information upon request. The Clerk is **DIRECTED** to resubmit the matter to the undersigned 22 days after the entry of this Order.

 **IT IS SO ORDERED** this 12th day of June, 2025.

      **Leigh Martin May**
      **United States District Judge**

3